

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 4, 1971

Senator J. P. Word
Chairman, Senate Committee on
   Legislative, Congressional
   & Judicial Districts
State Capitol
Austin, Texas

Dear Senator Word:

Opinion No. M-881

Re: Validity of Special
Session apportioning the
State into senatorial
districts in conformity
with the 1970 United States
decennial census.

You have requested the opinion of this office as to whether a valid senatorial redistricting bill may be enacted by the Legislature at this Special Session.

It makes no difference whether this subject was included in the proclamation calling the Special Session or whether the Governor amends said proclamation so as to include this subject. The Legislature cannot validly enact a senatorial redistricting bill at this Special Session. Section 28 of Article III of the Texas Constitution is controlling, and we quote and analyze the following controlling portions thereof.

> "The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts, agreeable to the provisions of Sections 25, 26 and 26-a of this Article. . . ."
> (Emphasis supplied throughout.)

The Legislature has met at its first Regular Session after the publication of the last decennial census and has failed to pass any senatorial apportionment statute.

This Section 28 provides that "In the event the Legislature shall at any such first regular session following

-4298-

the publication of a United States decennial census, fail
to make such apportionment, same shall be done by the Legisla-
tive Redistricting Board of Texas, which is hereby created,
and shall be composed of five (5) members as follows:  The
Lieutenant Governor, the Speaker of the House of
Representatives, the Attorney General, the Comptroller of
Public Accounts and  the Commissioner of the General Land
Office, a majority of whom shall constitute a quorum."

In enacting this provision, the people specifically
provided for the procedure to be followed to achieve equal
apportionment and did not see fit to leave it within the
discretion of the Governor to call a special session for
such a purpose.  Moreover, we do not deem it speculative to assume
that a further reason for such a decision lay in the fact that
where the legislature had failed to act, the more reasonable
course  lay in providing an entirely different body with the
power and duty to act and effect constitutional apportionment.

Quoting further from the Constitution:  "Said Board shall
assemble in the City of Austin within ninety (90) days after the
final adjournment of such regular session.  The Board shall within
sixty (60) days after assembling, apportion the state into
senatorial and representative districts, or into senatorial or re-
presentative districts, as the failure of action of such Legisla-
ture may make necessary."

Thereafter provision is made for the enactment in writing of apportionment and filing with the Secretary of State, <u>at which time it shall have force and effect of law</u>. It is further provided that "<u>Such apportionment shall become effective at the next succeeding statewide general election.</u>"

Thus, the exact situation which has occurred, that is, the failure of the last regular session of the Legislature to pass an apportionment statute, is contemplated by and provided for in the above quoted portions of Section 28.

Further, to insure ultimate accomplishment of apportionment, Section 28 provides as follows:

> "<u>The Supreme Court of Texas shall have jurisdiction to compel such Commission to perform its duties in accordance with the provisions of this section by writ of mandamus or other extraordinary writs conformable to the usages of law.</u>"

The foregoing procedure is not only clearly mandatory, but the complete and exclusive law in this State. "It is well settled that when a power is expressly given by the Constitution and the means by which, or the manner in which, it is to be exercised is prescribed, such means and manners is exclusive of all others." 12 Tex.Jur. 2d 361 Const. Law Sec. 30. See also <u>Houchins v. Plainos</u>, 130 Tex. 413, 110 S.W.2d 549 (1937); <u>Parks v. West,</u> 102 Tex. 11, 111 S.W. 726 (1908).

The mandatory provisions of Section 28, Article III, which provide for and guarantee equal representation in the making of laws, are consistent with the republican form of government required under Section 4 of Article IV of the United States Constitution.

We find nothing in the Texas Constitutional provisions which conflict with the federal constitution.

> "...How power shall be distributed by a state among its governmental organs is commonly, if not always, a question for the state itself...." <u>Highland Farms Dairy, Inc. v. Agnew</u>, 300 U.S. 608 (1937).

We do not discern any questions arising under the equal protection clause of the Fourteenth Amendment. <u>Baker v. Carr</u>, 369 U.S. 186 (1937).

Provisions in the State Constitution of Missouri similar to those in the Texas Constitution under consideration have been upheld by the Supreme Court of that State. <u>State v. Hitchcock</u>, 146 S.W. 40 (Mo.Sup. 1912), and <u>State v. Becker</u>, 235 S.W. 1017 (Mo.Sup. 1921).

### S U M M A R Y

A called session of the Legislature cannot pass a valid Redistricting Bill where the First Regular Session following a United States decennial census failed to do so. Redistricting must be accomplished pursuant to the provisions of Section 28 of Article III of the Texas Constitution.

Very truly yours,

Crawford C. Martin
Attorney General

Prepared by Marietta McGregor Payne
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ralph Rash
Wardlow Lane
Larry Craddock
Sam McDaniel

Meade F. Griffin
Staff Legal Assistant

Nola White
First Assistant

Alfred Walker
Executive Assistant